IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CLIFFORD HANSFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17CV205 |
| | ) | 1:13CR218-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner in this action submitted a Motion (Docket Entry 29) to vacate, set aside, or correct his sentence. Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Petitioner lists four grounds for relief in his Motion, all of which contend that his sentence is no longer valid following <u>Johnson v. United States</u>, 576 U.S. ____, 135 S. Ct. 2551 (2015). Petitioner's sentence involved the application of a career offender enhancement under USSG § 4B1.1 based on his four prior federal convictions for bank robbery. Petitioner argues that these prior convictions no longer count as valid predicates supporting the career offender enhancement because they are not "crimes of violence" for purposes of that enhancement following <u>Johnson</u>. Petitioner's claims fail on their face. In <u>Beckles v. United States</u>, No. 15-8544, ___ U.S. ___, 2017 WL 855781, at *9 (2017), the United States Supreme Court held that the advisory United States Sentencing Guidelines, and specifically the career

offender guidelines, are not subject to the type of vagueness challenge under the Due Process Clause of the Fifth Amendment of the United States Constitution that prevailed in Johnson regarding the Armed Career Criminal Act, 18 U.S.C. § 924(e). Therefore, like the petitioner in Beckles, Petitioner cannot seek relief from his career offender sentence based on Johnson. Petitioner states no claim for relief and his Motion should be dismissed.[1] In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 29) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 14th day of March, 2017.

/s/ L. Patrick Auld<br>**L. Patrick Auld**<br>**United States Magistrate Judge**

---

[1] The Court notes that Petitioner's claims would also fail for a second reason. Petitioner challenges the use of his prior bank robbery convictions as career offender predicates. However, the United States Court of Appeals for the Fourth Circuit held in United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016), that federal convictions for both bank robbery and armed bank robbery remain "crimes of violence" which will support a conviction under 18 U.S.C. § 924(c) following Johnson. These crimes also remain "crimes of violence" for the purposes of the career offender provisions of the Guidelines. United States v. Gill, No. 15-4178, ___ Fed. App'x ___, 2016 WL 4087787 (4th Cir. 2016) (unpublished); In re Sams, 830 F.3d 1234, 1240-41 (11th Cir. 2016).