IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CLIFFORD HANSFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:17CV205 |
| v. | ) | 1:13CR218-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before this court for review of the Recommendation filed on March 14, 2017, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 31.) In the Recommendation, the Magistrate Judge recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 29) be denied and that judgment be entered dismissing the action. The Recommendation was served on the parties to this action on March 14, 2017 (Doc. 32). Petitioner filed objections (Docs. 33, 34).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

[M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation.[1]  This court therefore adopts the Recommendation.

---

[1] Through his objections, Petitioner contends that 18 U.S.C. § 2113(a), the statute under which he pleaded guilty to committing bank robbery in his underlying criminal case (see Plea Agreement (Doc. 9), Factual Basis (Doc. 10), Judgment (Doc. 13)), "[i]s built upon the [c]atchall [p]hrase within the [r]esidual [c]lause that the [United States] Supreme Court deemed unconstitutional [i]n Johnson v. United States [, ____ U.S. ____, 135 S. Ct. 2551 (2015)]." (Doc. 34 at 1). In that case, the United States Supreme Court explained that under the Armed Career Criminal Act, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term [that the Armed Career Criminal Act's residual clause] defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). The Johnson Court ultimately held that this definition qualified as vague, and therefore "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the [United States] Constitution's guarantee of due process." Id. at 2563. In contrast, here, 18 U.S.C. § 2113(a) does not contain the language invalidated in Johnson. Compare 18 U.S.C. § 924(e)(2)(B), with 18 U.S.C. § 2113(a). Petitioner's contention that 18 U.S.C. § 2113(a) "[i]s built upon" the phrase in the Armed Career Criminal Act that Johnson deemed unconstitutional, therefore, lacks merit.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 31) is **ADOPTED. IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 29) is **DENIED** and that this action is dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 1st day of May, 2017.

  /s/ William L. Osteen, Jr.
  United States District Judge